UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KATHLEEN WAGGONER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:04-CV-1334 CAS |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's counsel's application for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Equal Access to Justice Act (EAJA) states that a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees and expenses if (i) plaintiff was the prevailing party, (ii) the fees and expenses were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A)-(2)(B).

In the instant matter, plaintiff's counsel has met the threshold requirements. As reflected in the Order dated March 2, 2006, the undersigned adopted the report and recommendation of the United States Magistrate Judge and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four

remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The fees and expenses sought by plaintiff's counsel were incurred in this civil action. Having determined that plaintiff is a prevailing party and that the fees and expenses sought were incurred in this civil action, the undersigned must next determine whether the defendant's position was substantially justified. Upon review of the record, the Court finds that the Commissioner's position was not substantially justified.

The Court further finds that plaintiff's application for attorney's fees is reasonable as to hours spent on this matter. Plaintiff's attorney has requested attorney's fees at the maximum statutory rate of $125.00 per hour for 11.5 hours of attorney work and $60.00 per hour for 1.25 hours of paralegal services, for a total attorney's fee award of $1,512.50. Defendant has no objection to plaintiff's motion. The Court will therefore award attorney's fees in the amount of One Thousand Five Hundred Twelve Dollars and Fifty Cents ($1,512.50).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's counsel's application for award of attorney's fees in the amount of One Thousand Five Hundred Twelve Dollars and Fifty Cents ($1,512.50) pursuant to the Equal Access to Justice Act is **GRANTED**. [Doc. 22]

*/s/ Charles A. Shaw*
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of June, 2006.